**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| BLAUER MANUFACTURING COMPANY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | COMPLAINT FOR PATENT |
| v. | ) | INFRINGEMENT |
| | ) | |
| THE FECHHEIMER BROTHERS COMPANY, | ) | DEMAND FOR JURY TRIAL |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## COMPLAINT

Plaintiff Blauer Manufacturing Company, Inc. complains as follows against The Fechheimer Brothers Company.

## PARTIES

1. Plaintiff Blauer Manufacturing Company, Inc. ("Blauer") is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business at 20 Aberdeen Street, Boston, Massachusetts 02215.

2. On information and belief, defendant The Fechheimer Brothers Company ("Fechheimer") is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 4545 Malsbary Road, Cincinnati, Ohio, 45242.

## JURISDICTION

3. This is an action for patent infringement under the United States Patent Laws, Title 35 United States Code.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

5. On information and belief, defendant Fechheimer conducts business in this Judicial District and has committed acts of patent infringement in this Judicial District including, *inter alia*, importing, making, using, offering for sale, and/or selling infringing products in this Judicial District.

## VENUE

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTUAL BACKGROUND

7. Plaintiff Blauer is the owner by assignment of all right, title, and interest in and to United States Patent No. 8,528,112 ("the '112 Patent") entitled "Ballistic Vest Carrier Cover System," which duly and legally issued in the name of Stephen J. Blauer and Robert K. Lee on September 10, 2013. A copy of the '112 Patent is attached to the Complaint as Exhibit A.

8. Upon information and belief, defendant Fechheimer manufactures, uses, offers for sale, and/or sells outerwear including, without limitation, outerwear including, without limitation, the AeroShell Armor Vest Cover.

9. Upon information and belief, defendant Fechheimer has made, used, offered to sell, and/or sold, and continues to make, use, offer to sell, and/or sell products within this Judicial District, including, without limitation, the AeroShell Armor Vest Cover, that infringe the '112 Patent.

## PATENT INFRINGEMENT

10. Blauer realleges and incorporates by reference the allegations set forth in paragraphs 1-9 above.

11. Upon information and belief, defendant Fechheimer has been, and currently is, directly and indirectly infringing at least claims 1, 3, 4, 7-11, 13-18, 20, and 21of the '112 Patent by

making, using, selling, offering for sale, contributing to the use of by others, and/or inducing others to use products including, without limitation, the AeroShell Armor Vest Cover.

12. Upon information and belief, defendant Fechheimer's infringement of the '112 Patent has been and continues to be willful and deliberate.

13. Upon information and belief, defendant Fechheimer's infringement of the '112 Patent will continue unless enjoined by this Court.

14. As a direct and proximate consequence of defendant Fechheimer's infringement of the '112 Patent, Blauer has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which Blauer is entitled to relief.

## PRAYER FOR RELIEF

Wherefore, Blauer requests entry of judgment in its favor and against defendant Fechheimer as follows:

A. Enter judgment that defendant Fechheimer has infringed the '112 Patent;

B. Enter judgment that defendant Fechheimer has induced infringement of the '112 Patent;

C. Enter judgment that defendant Fechheimer has contributed to infringement of the '112 Patent;

D. Enter a preliminary and permanent injunction restraining and enjoining defendant Fechheimer and its respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from any further sales or use of their infringing products and any other infringement of the '112 Patent, whether direct or indirect, pursuant to 35 U.S.C. § 283;

E. For damages to compensate Blauer for defendant Fechheimer's infringement of the '112 Patent pursuant to 35 U.S.C. § 284;

F. For enhanced damages pursuant to 35 U.S.C. § 284;

G. For an award of pre-judgment and post-judgment interest and costs to Blauer in accordance with 35 U.S.C. § 284;

H. For an award of Blauer's reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

I. Grant to Blauer such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

**DEMAND FOR JURY TRIAL**

Blauer respectfully demands a trial by jury on all claims and issues so triable.

Respectfully Submitted,
Dated: November 5, 2013
ALTMAN & MARTIN

/s/ Steven K. Martin

Steven K. Martin, BBO No. 567494
6 Beacon Street, Suite 600
Boston, Massachusetts 02108
617-523-3515 Telephone
617-523-1872 Facsimile
smartin@altmartlaw.com
ATTORNEY FOR PLAINTIFF